NATURAL ORGANICS, INC.,
Plaintiff–Appellant,

v.

NUTRACEUTICAL CORP., Solaray,
Inc., Defendants–Appellees.

No. 06–4679–cv.

United States Court of Appeals,
Second Circuit.

March 27, 2008.

Jeffrey A. Schwab, Abelman, Frayne & Schwab, New York, NY, for Plaintiff–Appellant.

Peggy A. Tomsic, Tomsic & Peck, Salt Lake City, UT, for Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, Circuit Judge, Hon. LEONARD B. SAND, District Judge.*

### *SUMMARY ORDER*

Natural Organics, Inc. appeals from an order of the United States District Court for the Southern District of New York (Owen, *J.*) entered August 20, 2003, which

---

a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

* The Honorable Leonard B. Sand, of the United States District Court for the Southern District of New York, sitting by designation.

dismissed Natural Organics' complaint with prejudice. Natural Organics principally contests the district court's analysis under *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir.1961). We review the district court's factual findings for clear error, and we review its ultimate weighing of the *Polaroid* factors *de novo. See Gruner + Jahr USA Pub. v. Meredith Corp.*, 991 F.2d 1072, 1077 (2d Cir.1993). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**Trade Dress Strength.** We have examined SPIRU–TEIN's trade dress and conclude that the district court did not clearly err in finding the packaging lacked inherent distinctiveness: In light of the largely generic elements composing SPIRU–TEIN's packaging (including a photograph of a garnished glass filled with frothy white beverage), it was not clear error to find that the packaging's "intrinsic nature" fails "to identify a particular source of" SPIRU–TEIN. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992).

**Likelihood of Bridging the Gap.** The district court correctly held that this factor does not apply to the *Polaroid* analysis because the products compete directly. *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 218 (2d Cir.2003) ("Since the sauce products are in direct competition, this factor is not relevant." (citing *Paddington Corp. v. Attiki Imps. & Distribs., Inc.*, 996 F.2d 577, 586 (2d Cir. 1993))).

**Evidence of Actual Confusion.** The district court decided that Natural Organics' failure to present a consumer confusion survey weighed against a finding that consumer confusion is likely. Confusion may be shown by other means, *see Sports Auth., Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 964 (2d Cir.1996) ("[A] trier of fact may still conclude that actual confu-

sion exists in the absence of [survey] evidence, so long as there is other evidence of actual confusion."), but "[t]he lack of survey evidence counts against finding actual confusion[,]" *Merriam–Webster, Inc. v. Random House, Inc.*, 35 F.3d 65, 72 (2d Cir.1994). Anecdotal evidence of consumer confusion offered by Natural Organics does not compel a finding of actual customer confusion in the absence of direct consumer testimonials or surveys. *See, e.g., Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 269 F.3d 114, 124 (2d Cir.2001) (ruling that two anecdotes of confusion were insufficient to raise a triable issue of actual confusion).

Our *de novo* review of the eight *Polaroid* factors convinces us that Judge Owen did not err in determining that Natural Organics failed to show a likelihood of confusion.

**New York State Unfair Competition Claim.** The district court's finding that Soytein's trade dress was developed in good faith was not clearly erroneous. Accordingly, the district court correctly dismissed the New York unfair competition claim. *See Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 35 (2d Cir.1995) ("In a common law unfair competition claim under New York law ... there must be some showing of bad faith.").

We have considered Natural Organics' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**